UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GERMAINE MONTES,

                     Petitioner,

    v.                                              9:20-CV-0150
                                                      (TJM)
LETITIA JAMES, Attorney General of New York
State,

                     Respondent.

---

APPEARANCES:                                             OF COUNSEL:

GERMAINE MONTES
Petitioner, pro se
8 McPherson Terrace
Albany, NY 12206

HON. LETITIA JAMES                            PAUL B. LYONS, ESQ.
Attorney for Respondent                       Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Petitioner Germaine Montes seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

Dkt. No. 1, Petition ("Pet."). Concurrently, petitioner also moved to continue his release on

bail throughout the duration of his habeas action. Dkt. No. 3.

      Respondent was directed to both answer the pending petition and respond to

petitioner's motion for bail. Dkt. No. 6, Decision and Order dated 02/20/20 ("February

Order"). In compliance with the February Order, respondent filed an opposition to petitioner's

motion for bail.[1]  Dkt. No. 7.  Petitioner replied to respondent's opposition.  Dkt. No. 8.

Petitioner challenges a 2018 judgment of conviction in Albany County, upon a jury verdict, of three counts of second degree criminal possession of a forged instrument.  Pet. at 1-2; *accord People v. Montes*, 178 A.D.3d 1283, 2019 WL 7173475, at *1 (3rd Dep't 2019).[2]  Petitioner asserts that, on December 31, 2018, he successfully moved for a stay of execution of his judgment of conviction, pursuant to New York Criminal Procedure Law § 460.50, and was released on bail by the Third Department.  Dkt. No. 3 at 2.  Petitioner's bail was terminated on December 26, 2019, when his conviction was affirmed.  *Id.*  Petitioner again successfully moved for a stay of execution of his judgment of conviction, before the Court of Appeals, on December 30, 2019.  *Id.* at 3, 5.  When the Court of Appeals denied petitioner's application for leave to appeal, the stay of execution was also lifted.  *Id.* at 7.  Petitioner was scheduled to surrender and commence serving his state court sentence on February 14, 2020.  *Id.* at 6.  However, for whatever reason, petitioner was not received into custody that day and, instead, reports he is waiting to be picked up by law enforcement.  Dkt. No. 9 at 3; Dkt. No. 9-1 at 2.[3]

While petitioner is not currently incarcerated, it is safe to assume that he soon will be; accordingly, deciding the present motion whether to continue petitioner's temporary release on bail during the pendency of his habeas petition is both timely and ripe.  Respondent opposes release on bail, arguing that petitioner has failed to establish any extraordinary

---

[1] Respondent's answer to the pending decision is due on or before May 21, 2020.  February Order at 6-7.

[2] Citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[3] The details surrounding petitioner's surrender are not issues before this Court.  Accordingly, the Court will make no comment or recommendation about them.

circumstances to justify such relief. Dkt. No. 7. While respondent refrained from commenting on whether petitioner successfully raised substantial claims in his petition – as the state court records have yet to be collected and evaluated – respondent contends that petitioner's assertion that he requires bail to care for his two children and his grandmother hardly amount to an extraordinary situation. *Id.* at 4-5. Moreover, petitioner's state court proceedings have been progressing relatively quickly, so petitioner cannot point to any type of unusual delay. *Id.* at 5.

Petitioner responds by providing further details about those for whom he cares and his anticipated ability to continue to pursue his various legal actions when he returns to jail. Dkt. No. 9. Petitioner contends that his grandmother is bed-bound with multiple sclerosis and that "there's nothing nobody [*sic*] can do for her and at any time she can pass away." Dkt. No. 9 at 5. Further, the mother of petitioner's children is an addict who abandoned both him and their two children five years ago. *Id.* Accordingly, if petitioner were incarcerated he stated he would worry so much about his grandmother and children that he would not remain of sound mind. *Id.*

Moreover, petitioner asserts that he would be deprived of the resources necessary to continue with the present petition and his other pending cases. Dkt. No. 9 at 5-6. Petitioner explained that at the reception prison, where inmates are housed temporarily for two to five months before being assigned to their main facility, petitioner would have limited access to the law library and would miss the deadline for the reply to his petition. *Id.* at 6. Additionally, "petitioner . . . has a car, apartment, good credit for paying his bills on time, and a few other civil cases pending in State Court and he will lose everything[] if he is incarcerated before

meaningful collateral review." *Id.* In sum, petitioner states that there is "no way he can maintain all of this in prison, let alone . . . handle all the other pending cases and . . . this case as well[.]" *Id.*

Federal courts have jurisdiction "to grant bail to habeas petitioners[.]" *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). However, "the standard for bail pending habeas litigation is a difficult one to meet: [t]he petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Id.* (internal quotation marks omitted). "In short, [the court asks whether] . . . this case is distinguishable from other habeas corpus cases[.]" *Jackson v. Bennett*, No. 1:01-CV-8971, 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002) (citing *Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (quotations omitted)).

Here, petitioner contends that he is entitled to release because (1) he has evidence demonstrating his innocence; (2) he has established a productive life which includes being the primary caretaker for his ailing grandmother and two minor children; and (3) prison life precludes him from being able to successfully litigate his pending civil matters. Without determining whether or not petitioner established a substantial probability of success on the merits of his habeas corpus claim, the Court finds that he has failed to demonstrate extraordinary circumstances which justify relief.

Petitioner's second argument, that he is a productive citizen with a good life and important care-taking responsibilities for his loved ones, is insufficient to demonstrate extraordinary circumstances. Serious medical conditions have only been grounds for release on bail in a handful of situations, specifically where the petitioner himself is gravely ill and release was to a medical facility to receive specialized care. *See United States v. Mett*, 41

4

F.3d 12821, 1282 n.4 (9th Cir. 1994) (explaining that special circumstances warranting bail "include a serious deterioration of health while incarcerated[.]") (internal quotation marks and citations omitted); *Johnston v. Marsh*, 227 F.2d 528, 529 (3rd Cir. 1955) (affirming bail where petitioner, an advanced diabetic who was "rapidly progressing toward total blindness," was not given general release but admitted to a private hospital for medically advanced treatment). Here, petitioner does not suffer from a serious medical condition. Instead, it is his relative. Moreover, per his own admission, there is nothing anyone can do to help his grandmother. Dkt. No. 9 at 5. Further, pursuant to the Court's independent research, childcare obligations have never been cited as a reason to grant bail during the pendency of a habeas petition, in any jurisdiction. Accordingly, while petitioner's situation is incredibly unfortunate and sad, it is not sufficient to justify bail.

Further, the fact that petitioner has created a productive and law-abiding life is also seemingly inadequate to satisfy the release standards. In an analogous situation, an inmate's participation in prison programming and vocational training was deemed insufficient to justify release on bail. *See Harris v. Allard*, No. 1:01-CV-7191, 2002 WL 31780176, at \*4-\*5 (S.D.N.Y. Dec. 11, 2002) (holding that while completion of treatment and vocational programming "may be relevant to a parole application in the future, they do not constitute extraordinary circumstances such that this case is distinguishable from other habeas corpus cases."). The same logic applies here.

Petitioner's third argument centers around his ability to pursue, and confidence in prevailing on, all of his civil matters. Petitioner's difficulties continuing to litigate his cases, specifically his transition between facilities and limited law library access, stem from regular prison conditions. Courts in this circuit have found that "[i]n general, the difficulties attendant

5

on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) (citing cases). While those cases were with respect to equitably tolling the statute of limitations to allow the court to consider an otherwise time-barred habeas petition, the same logic applies here. If these circumstances were not extraordinary enough to provide the petitioner with the opportunity to have his petition reviewed, they are surely not extraordinary enough to allow his temporary release from custody.

Further, liberally construing this argument, petitioner contends he should be granted temporary release because he otherwise would be continually harmed – by remaining in custody – until these actions, including his federal habeas petition, are ultimately granted. Such assertions, that a petitioner will ultimately be successful with his habeas petition because he is incarcerated in violation of his constitutional rights, do not constitute an extraordinary circumstance. *See generally Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing unusual" about petitioner's argument that, "if the habeas writ is granted, it will mean that his incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful").

In sum, "[p]etitioner has not made any showing that his is a 'special case' and that extraordinary circumstances exist such that release is necessary to make the habeas corpus remedy effective." *Cunningham v. Poole*, No. 9:06-CV-0659, 2007 WL 3353115 (LEK/GJD), at *2 (N.D.N.Y. Nov. 7, 2007). Accordingly, petitioner's motion to grant him temporary release on bail while his habeas petition is pending is denied.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's application for bail (Dkt. No. 3) is **DENIED**. The Court again makes no determination regarding the merits of any of the claims raised in the petition; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

Date: March 19, 2020

Thomas J. McAvoy
Senior, U.S. District Judge